**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ITC TEXTILE, LTD., <br><br>     Plaintiffs, <br><br>     v. <br><br> WAL-MART STORES, INC.; JERRY LEIGH OF CALIFORNIA, INC.; and DOES 1 through 10, inclusive, <br><br>     Defendants. | Case No. CV11-01967 RSWL (PLAx) <br><br> **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

In connection with the production of confidential documents and other confidential information in this action, Plaintiff ITC Textile, Ltd. ("Plaintiff) and Defendants Jerry Leigh of California, Inc. and Wal-Mart Stores, Inc. ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, have agreed to be bound by this Protective Order for Confidential Treatment of Documents or Information (the "Protective Order" or "Order").

**STATEMENT OF GOOD CAUSE:** This action involves claims for copyright infringement Under the Copyright Act of 1976, Title 17 U.S.C. § 101, et seq. The Parties, who are variously manufacturers and vendors of textile designs and apparel retailers, are direct and/or indirect competitors of each other. A primary

element of this case is related to Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost substantial business relating to its copyrighted designs. The Parties therefore recognize that extensive discovery requesting information from the Parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendants' defenses thereto. There will also potentially be multiple depositions of the Parties' employees or agents and third party vendors, customers or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The Parties, as competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other Parties and/or the public at large. This Protective Order is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein.

     This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third parties, including most importantly the Parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.

A.    **Definition of "Confidential Information".**

    1.    "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

        (a)    is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily

ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c) is otherwise regarded by a party as being confidential, private, or proprietary in nature; and

(d) as illustrative examples only, the Parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, confidential financial information of the Parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications.

2. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

**B.   Production of Confidential Information.**

1. All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and

will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, *infra*, prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

**C.  Levels of Confidentiality.**

Any information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Confidential-Attorneys' Eyes Only" Documents or Information. A party may designate documents or information as "Confidential-Attorneys' Eyes Only" if the party reasonably believes the documents or information embody (a) materials which are of an extremely high degree of current commercial sensitivity, and (b) would provide a competitive advantage to one or more of the parties to this case if disclosed.

2. "Confidential-Attorneys' Eyes Only" Information designated as "Confidential-Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

(a) Attorneys acting on behalf of the Parties in this matter;

(b) The office personnel employed by the counsel working under the direct supervision of said counsel;

(c) The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending;

(d) Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms;

(e) Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs D.1 – D.6; and

(f)) Any mediator in this matter.

(g) Any Person who the Parties agree in writing may receive Confidential Information designated as "Confidential-Attorneys' Eyes Only."

3. "Confidential" - Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

(a) All "Confidential-Attorneys' Eyes Only" persons subject to the requirements of subparagraph C.2;

(b) All employees, officers, and directors of each party of record; and

(c) Any Person who the Parties agree in writing may receive Confidential Information designated as "Confidential."

Before counsel of record for the Receiving Party may disclose Confidential Information to any Person described in subparagraphs C.2(d), C.2(e), C.2(f), C.3(b), and C.3(c) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order and shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit** A (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Counsel of record for the Receiving Party shall keep a copy of the signed Undertaking for each person described in subparagraphs C.2(d), C.2(e), C.2(f), C.2(b), and C.2(c) to whom counsel of record for the Receiving Party discloses Confidential Information.

/ / /

**D.   Depositions**.

1.   Any party may designate testimony on oral deposition as "Confidential" or "Confidential-Attorneys' Eyes Only."  The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.   Once testimony has been designated as "Confidential" or "Confidential-Attorneys' Eyes Only", only the following persons shall be permitted to view the transcript:

   i.   Persons authorized under this Order;

   ii.   The deponent; and

   iii.   The reporter and videographer.

3.   Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of any deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts-by the various levels of confidentiality-and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4.   A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5.   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6.   Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons

-6-
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

*405516/2087.101*

authorized to receive items designated as "Confidential-Attorneys' Eyes Only" and the deponent.

### E. Items Filed with the Court

1. The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

### F. Inadvertent Disclosure

1. The inadvertent or unintentional disclosure of "Confidential" or "Confidential-Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2. The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege. If the Receiving Party disclosed the protected or privileged item before being notified of

the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

**G.     Acknowledgment of Order**

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign a statement to be delivered to and maintained by the Disclosing Party which states the following:

I have read the PROTECTIVE ORDER issued by the United States District Court for the Central District of California in the matter of *ITC Textile, Ltd. v. Wal-Mart Stores, Inc., et al.,* Case Number CV11-01967 RSWL (PLAx) regarding confidentiality of materials designated by the parties and their counsel, I understand and agree to be bound by the terms of this Order.

**H.     Designations In Good Faith:**

"Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material <u>shall</u> <u>not</u> include information that (a) was, is, or becomes public knowledge not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

**I.     Use At Trial:**

Documents designated "Confidential" and/or "Confidential/ Attorneys' Eyes Only" may be used by any party without limitation at trial. However, any party that wishes to have such documents treated as "Confidential" and/or "Confidential/

Attorneys' Eyes Only" at trial may renew their request for confidentiality before the trial judge at the Final Pre-Trial Conference and/or through a motion in limine. In such event, and if the documents had previously been designed as "Confidential" or "Confidential/Attorneys' Eyes Only," a Receiving Party seeking to use such documents at trial, or preventing the designation of such documents as "Confidential" or "Confidential/Attorneys' Eyes Only," shall bear the burden of showing that there is good cause to de-designate the documents for purposes of their use at trial.

**J.     Continuing Effect of Order**

At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

1.     for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned; and

2.     outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials.

**K.     Objections To Designations And/Or Additional Relief**

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial, including objecting to a designation of confidentiality, requesting still

further limits on disclosure (such as in camera review in extraordinary circumstances), or otherwise modifying this Order. In such event, Local Rule 37 governs the procedure for resolving such disputes. In making or opposing any motion relating to the designation of Confidential Information, the party seeking to de-designate a document under the Protective Order shall bear the burden of showing lack of prejudice or harm if the information sought to be protected is disclosed to the public. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

**L.     Use for This Litigation Only**

1. Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above captioned action.

2. In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

**M.  Execution and Counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

**N. Agreement to Terms**

The Parties agree to abide by the terms of this Order prior to an Order being entered by the Court and, in the event that such an Order is denied by the Court, the Parties agree to take reasonable efforts to present revised documents such that an Order for Protective Order will be entered by this Court.

IT IS SO ORDERED:

Dated:  August 25, 2011         By:  _____
                                    Honorable Paul L. Abrams
                                    U.S. Magistrate Judge

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *ITC Textile, Ltd. v. Wal-Mart Stores, Inc., et al*, Case Number CV11-01967 RSWL (PLAx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Signed: _____                    _____
        [Print Name]                                             [Signature]