O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ITC Textile, Ltd., | ) | CV 11-1967 RSWL (PLAx) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** Re: Defendants' Motion for Summary Judgment [25] |
| Wal-Mart Stores, Inc.; Jerry Leigh of California, Inc.; and Does 1-10, | ) | |
| Defendants. | ) | |

    On February 7, 2012, Defendants Wal-Mart Stores, Inc. and Jerry Leigh of California, Inc.'s ("Defendants") Motion for Summary Judgment [25] came on for regular calendar before the Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **DENIES** Defendants' Motion for Summary Judgment.  In addition, the Court **OVERRULES** in part and **SUSTAINS** in part Plaintiff ITC Textile, Ltd.'s

1

1 ("Plaintiff") Evidentiary Objections [36].

2 **I. LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Federal Rule of Civil Procedure 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (citing Marks v. Dept. of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who

1  has the burden of proof at trial must present enough
2  evidence that a "fair-minded jury could return a
3  verdict for the [opposing party] on the evidence
4  presented." <u>Anderson</u>, 477 U.S. at 255.
5      The moving party has no burden to negate or
6  disprove matters on which the opponent will have the
7  burden of proof at trial.  In fact, the moving party
8  need not produce any evidence at all on those matters.
9  <u>Celotex</u>, 477 U.S. at 325.
10 **II. ANALYSIS**
11     **A. Evidentiary Objections**
12     As a preliminary matter, the Court evaluates
13 Evidentiary Objections submitted by Plaintiff.  The
14 Court **OVERRULES** Plaintiff's Objection to the Lander
15 Declaration filed in support of Defendants' Reply as it
16 contains substantially the same information submitted
17 in the original Lander Declaration [38].
18     In addition, the Court **OVERRULES** in part and
19 **SUSTAINS** in part Plaintiff's Objections to the Juarez
20 Declaration [37].  The Court **OVERRULES** the objection to
21 the statement regarding Juarez's employment with
22 Defendant Jerry Leigh, as it does not constitute new
23 evidence or argument.  The remaining statements
24 objected to contain new evidence and new argument;
25 therefore, the Court **SUSTAINS** Plaintiff's second and
26 third objections to the Juarez Declaration and does not
27 consider these materials in its ruling.  <u>Wallace v.</u>
28 <u>Countrywide Home Loans, Inc.</u>, 2009 WL 4349534, at *7

(C.D. Cal. Nov. 23, 2009); see also Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond.").

**B. Motion for Summary Judgment**

As to the merits, the Court **DENIES** Defendants' Motion for Summary Judgment. The Court finds that Plaintiff's designs are entitled to full copyright protection, and a genuine issue of material fact exists as to whether Defendants infringed on Plaintiff's copyrighted designs.

The Court finds that Defendants have misstated and misconstrued the law, arguing that thin copyright protection applies to Plaintiff's designs. In fact, thin copyright protection only applies where a copyrighted work contains a compilation of non-copyrightable facts and original elements. Feist Publications, Inc. v. Rural Telephone Service Company, Inc., 499 U.S. 340, 349 (1991) (applying thin copyright protection to phonebook that mixed non-copyrightable facts, i.e. names, with original organization). Courts have found thin copyright protection applicable where the work contains realistic, accurate depictions of items found in nature. Satava v. Lowry, 323 F.3d at 812 (holding that a life-like jellyfish sculpture was only entitled to narrow copyright protection because

4

1  the artist could not protect the elements of the
2  sculpture that were inherent to jellyfish physiology
3  and were copied directly from nature).
4      Here, the Court finds that Plaintiff's designs
5  contain neither facts, nor any attempt at realistic
6  depictions of natural objects.  Plaintiff's designs
7  contain numerous stylistic elements, none of which
8  could be considered a fact or realistic depiction of
9  the subject.  While it is true that some of the design
10 elements may not be copyrightable standing alone, the
11 individual elements are not what are at issue here; it
12 is the overall design that has allegedly been infringed
13 upon.
14     Because the thin copyright protection doctrine is
15 inapplicable here, the standard "substantial
16 similarity" test must be applied to determine whether
17 infringement has occurred.  "We use a two-part test in
18 determining whether two works are substantially
19 similar," which consists of an extrinsic and intrinsic
20 test.  Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir.
21 1996).  For the purposes of a summary judgment motion,
22 only the extrinsic test is relevant, and if the court
23 finds that the extrinsic test is satisfied then the
24 intrinsic test must be left for the trier of fact and
25 summary judgment is inappropriate.  Id.   "[T]he
26 'extrinsic' test considers whether two works share a
27 similarity of ideas and expression based on external,
28 objective criteria."  Id.   Here, in objectively

comparing Plaintiff's designs and the allegedly infringing designs, it is clear that the two works are very similar to each other.  Defendants are correct when they point out minor differences in the works, but the Court finds that, as a whole, the works share a very strong "similarity of ideas and expression."  The works' overall styles are the same, and they both use extremely similar elements and general design patterns. Accordingly, the Court finds that the extrinsic test for substantial similarity has been satisfied and the intrinsic test should be decided by a jury.

Additionally, the Court finds that summary judgment is not appropriate for Plaintiff's breach of contract claim.  Pursuant to Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975, 977 (9th Cir. 2011), Plaintiff has sufficiently pled the elements of a breach of contract claim that are completely separate and distinct from the elements of copyright infringement.  Therefore, because a genuine issue of material fact exists as to whether Defendants used Plaintiff's designs without compensation pursuant to an alleged oral contract, summary judgment is **DENIED** as to Plaintiff's breach of contract claim.

### III. CONCLUSION

In sum, the Court hereby **OVERRULES in part** and **SUSTAINS in part** Plaintiff's Objection to Evidence Submitted for the First Time in Defendants' Reply. Additionally, the Court finds that a genuine issue of

material fact exists as to whether Defendants infringed on Plaintiff's copyrighted designs and breached the Parties' alleged oral contract; therefore, the Court **DENIES** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

DATED: February 14 , 2012.

                              RONALD S.W. LEW
                              _____
                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge